OPINION OF THE COURT
Wachtler, J.
The question in this article 78 proceeding is whether the detention facilities at the New York City Criminal Court building in Manhattan adequately provide "for the separation of * * * youthful and less hardened offenders from older or more hardened offenders” as required by section 88 of the *231 New York City Criminal Court Act. The current practice at the courthouse is to separate persons who are under 21 years of age from those who are older. Petitioners claim, inter alia, that under the statute the separate facilities for youths should only include those who are less than 19 years old. The Appellate Division agreed with this contention and we granted leave to consider the issue.
The two named petitioners, Hector Brito and Herman Mills, were arrested in May, 1976. At the time they were both less than 19 years old. Although they were arrested on different dates in connection with different incidents, the history of their detention is virtually identical. Each was initially held in a police station, apparently overnight, and then transported to the New York City Criminal Court, at Centre Street, for arraignment. Because of a backlog in the arraignment parts each petitioner spent the first day in detention cells located in the courthouse. In the evening each petitioner was returned to the police station and then in the morning was transported back to the courthouse. After spending part of the second day in the court’s detention facilities, each petitioner was arraigned. Mills was released on cash bail. Brito’s bail was set at $2,500. He was unable to post this amount and was thus sent to the Adolescent Reception and Detention Center at Riker’s Island to await trial.
On May 11, 1976 the petitioners commenced this article 78 proceeding in the Appellate Division complaining, on their own behalf and on behalf of all those similarly situated, about the detention conditions they encountered during their appearances at the courthouse. In the petition and the accompanying affidavits it was alleged that in the court detention cells and even in the courtrooms youthful detainees were commingled with adults, including persons more than 21 years old, many of whom were hardened criminals, sex offenders, drug addicts or alcoholics. The petition sought mandamus and injunctive relief directing the respondents to segregate youthful from adult offenders in accordance with section 88 of the New York City Criminal Court Act. It was urged that since CPL 720.10 defined youthful offenders as persons between 16 and 19 years of age, persons in this age group should be maintained in separate detention facilities during court appearances.
In their answer the appellants denied that adults and youths were detained together. They conceded that there were *232 no separate facilities maintained at the courthouse for persons under 19 years of age. The existing practice, apparently initiated by the City Commissioner of Correction, was to segregate persons under 21 from those who were older. It was urged that this satisfied the requirements of section 88 of the New York City Criminal Court Act since the City Commissioner of Correction was responsible for maintaining and supervising the detentional cells for the court (New York City Charter, § 623) and he, in turn, was bound to insure that persons "under the age of twenty-one years shall not be put or kept in the same room with prisoners twenty-one years of age or older” (Correction Law, § 500-c).
The Appellate Division inspected the courthouse and found that many of the conditions alleged in the petition did not exist at the present time. They concluded however that the current practice of segregating all persons under 21 from older detainees was invalid. After summarizing the arguments of the parties the Appellate Division stated: "We believe that inasmuch as those held for arraignment are in the initial stages of the criminal justice process, until such time as the court determines otherwise, the dividing line should be for those under 19.” However, recognizing the administrative burden involved in further segregating persons brought to the court for arraignment from those who are there "for trial or otherwise”, the Appellate Division held that all persons under 19 should be detained in separate facilities.[1] (53 AD2d, at p 416.)
In the context of this proceeding that determination was erroneous. It is important to emphasize that the only issue properly presented in this petition was whether the current practice violates section 88 of the New York City Criminal Court Act. That section provides: "in every building used by the court or any part thereof for the detention of prisoners, adequate provision shall be made for the separation * * * of youthful and less hardened offenders from older and more hardened offenders of the same sex.” The statute does not further define "youthful” and "older” offenders in terms of a specified age limit. The other two statutes, CPL 720.10 cited by the respondents and section 500-c of the Correction Law cited by the appellants, indicate conflicting or variant age *233 limitations in different contexts. Neither however is applicable here.
Although CPL 720.10 (subd 1) defines a youth as a person "at least sixteen years old and less than nineteen years old”, that definition is limited in its application to CPL article 720. In any event the youthful offender concept embodied in CPL article 720 is essentially designed to protect a youth after conviction, by ameliorating the consequences (cf. People ex rel. Wayburn v Schupf, 39 NY2d 682, 688; see, also, Pitler, New York Criminal Practice Under the CPL, pp 366, 387-389) and does not deal with detention, or insure any particular method of detention, for youthful persons held prior to conviction.
Section 500-c of the Correction Law, which is relied on by the appellants, provides, as noted earlier, that "Persons under the age of twenty-one years shall not be put or kept in the same room with prisoners twenty-one years of age or older.” This statute however is primarily concerned with county jails maintained by Sheriffs. It specifically excludes detention facilities located within the City of New York, with the exception of civil jails maintained by the New York City Sheriff.[2] It has no application to the courthouse detention cells involved in this case.
In sum the determination to separate youths from adults at age 21 is not prohibited by section 88 of the New York City Criminal Court Act. On the narrow issue presented, the petition should have been dismissed. We should note however that in holding that the determination to segregate detainees in this manner is not illegal under the statute, we have not considered who should properly make the determination or whether it was made by the proper party in this case. It appears from the record that the New York City Commissioner of Correction was permitted to make the decision, perhaps on the assumption that his general responsibility to maintain and supervise the "court pens” (see New York City Charter, § 623) included the right to determine how youths and adults should be segregated. There is no contention that this is ultimately a question for the court to decide (see, e.g., NY City Criminal Ct Act, § 90), or that the courts may possess inherent power, at least administratively, to determine how *234 persons, particularly young persons, brought to the court on pending criminal charges should be treated while they are held in custody within the courthouse. This issue was not presented in the petition and was not argued or briefed on the appeal and thus we have not considered it.
Accordingly, the judgment of the Appellate Division should be reversed and the petition dismissed without prejudice to commencement of a new proceeding.

. The Appellate Division also held that class relief was not necessary in this case. That portion of their order is not in issue on this appeal.

. We note that after the commencement of this proceeding the statute was amended (L 1977, ch 189). We have not considered the application of the subsequent amendment on this appeal. Indeed neither side has raised the issue in this court nor, as indicated, in the courts below.